He v. Lynch

BIA
Loprest, IJ
A087 434 520

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of August, two thousand sixteen.

PRESENT:
> DENNIS JACOBS,
> DENNY CHIN,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

GUO BIN HE,
> *Petitioner,*

v.                                                          15-855
                                                            NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Mona Liza F. Lao, New York, New York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Shelley R. Goad, Assistant Director; Russell J.E. Verby, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Guo Bin He, a native and citizen of the People's Republic of China, seeks review of a February 23, 2015, decision of the BIA affirming a May 31, 2013, decision of an Immigration Judge ("IJ") denying He's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guo Bin He,* No. A087 434 520 (B.I.A. Feb. 23, 2015), *aff'g* No. A087 434 520 (Immig. Ct. N.Y. City May 31, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's opinions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). For asylum applications like He's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account," and inconsistencies in an

2

applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. The agency's adverse credibility determination is based on substantial evidence.

The IJ reasonably relied on He's admission, on cross examination, that he fabricated the entire claim of past harm that he provided during his credible fear interview. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007); *Xian Tuan Ye v. DHS*, 446 F.3d 289, 295 (2d Cir. 2006). Given He's lie under oath to avoid removal, the IJ was not required to credit He's explanation—that the smuggler told him to lie in order to stay in the country, work, and pay the smuggler back. *Siewe*, 480 F.3d at 170; *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

The IJ reasonably found that He's hearing testimony and that of his witness further undermined his credibility. He testified he passed out flyers with his witness, but the witness denied they had ever done so. The IJ was entitled to rely on this inconsistency, which undermined He's claim that he is a practicing Christian. *Xiu Xia Lin*, 534 F.3d at 163-64.

The IJ also cited He's demeanor: he provided unresponsive or vague answers throughout cross examination. We generally afford particular deference to an IJ's assessment of an

3

applicant's demeanor. *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005).

Accordingly, considering the totality of the circumstances, the agency's credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64; *Siewe*, 480 F.3d at 170. The adverse credibility determination is dispositive of He's claims for asylum, withholding of removal and CAT, as all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4